IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:12CR72 |
| | § | |
| MICHAEL EDWARD NEGRETTE | § | |
| CORY HAYS SLAPE | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DENYING DEFENDANTS' MOTIONS TO SUPPRESS

These matters having been referred by the Honorable Richard A. Schell (*see* Dkts. 58 & 63), the Court has considered Defendant Michael Negrette's Motion to Suppress Written and Oral Statements (Dkt. 57) and Defendant Cory Slape's Motion to Suppress (Dkt. 62). After considering the evidence presented and the arguments of counsel, the Court finds that the motions should be denied.

In his motion, Defendant Negrette seeks to suppress any oral or written statements he made while in government custody and control. Defendant claims that the statements were taken in violation of his constitutional rights to counsel and were obtained through unlawful threats and coercion during an unlawful detention when he did not waive his rights. *See* Dkt. 57.

In his motion, Defendant Slape seeks to suppress the oral statement he gave to law enforcement on or about February 10, 2012 because the environment of the interrogation room was coercive, because he was under the influence of narcotics at the time of the interview, and because he was not provided a valid or recorded waiver of his *Miranda* rights.[1]

---

[1]The Court notes that Defendant's motion was filed on May 3, 2013 by Defendant's recently appointed counsel, indicating that counsel was instructed to file the motion he prepared. The motion attached contained Defendant's former counsel's electronic signature, but at the

1

The Court held a hearing on Defendants' motions on May 6, 2013. At that hearing, the Government offered the testimony of Special Agent Don York with the Drug Enforcement Agency. Counsel for the Government testified that no written statement of either Defendant was in its possession; thus, only Defendants' oral statements would be offered against them. Defendants did not offer any testimony, witnesses, or evidence.

The Fifth Amendment protects an individual's right to be free from compelled self-incrimination. Thus, the Government may use at trial only those confessions that are voluntarily made. 18 U.S.C. § 3501(a); *Malloy v. Hogan*, 378 U.S. 1, 6, 84 S. Ct. 1489, 12 L. Ed.2d 653 (1964). In order for the Government to introduce Defendant's statement, it generally must prove that the accused voluntarily, knowingly and intelligently waived his *Miranda* rights. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). To prove a valid waiver, the Government must show that the relinquishment of the defendant's rights was voluntary and the defendant was fully aware that the right was being waived and the consequences of waiving that right. *Id*.

At the suppression hearing, the Government offered the testimony of Special Agent Don York with the Drug Enforcement Agency, who is the lead investigator in the case involving Defendants.

York testified that, on February 9, 2012, a search warrant was executed at Defendant Slape's address during which numerous items associated with heroin trafficking were recovered. Defendant

---

hearing, Robert Arrambide stated that he did not author any portion of the motion. It appears that Defendant authored the motion pro se. Therefore, as stated on the record, the signature of Robert Arrambide on the motion to suppress, Dkt. 62-1 at 10, shall be EXCISED from the record as it was not authored or submitted by him.

was arrested on unrelated outstanding traffic warrants and processed, fingerprinted, and held overnight.

Defendant Slape was then interviewed the next morning by Agent York and his partner, Bob Shaw, a Richardson Police Department Officer. York testified that prior to the interview he gave Slape his *Miranda* warning, advising him of his right to remain silent, that he was under arrest for traffic warrants and that he was being investigated for heroin trafficking. York testified that he also advised Slape that he had a right to a lawyer, the right to terminate the interview at any time, and the right to a court appointed counsel and that his statements could be used "later on" at a trial.

York testified that the *Miranda* warnings were only given to Defendant orally and that Defendant did not sign or initial any paper with the Miranda warnings on it. According to York, he did not have the Miranda forms with him at the time of the interview. York also testified that there is no recording of the interview of Slape but that he did take notes which he summarized in a police report.

York testified that Slape then began to tell him about his heroin trafficking. According to York, Slape was very conversational and indicated that he understood his rights. According to York, who was formerly a DWI officer, Defendant did not appear to be high or under the influence of narcotics or substances. Slape appeared to be coherent, did not appear lethargic, and did not slur his words. Defendant did not ask to terminate the interview at any time.

Instead, according to York, Defendant indicated his understanding and responded to questions in cooperative manner. Defendant was advised that his cooperation would be noted but, according to York no promises of favorable treatment were made, nor were any threats or coercision. According to York, his interview of Defendant Slape lasted for about thirty minutes and started at

approximately 10 a.m.

Having heard the testimony presented, the Court finds that the Government sustained its burden in showing that the relinquishment of Slape's rights was voluntary and Slape was fully aware that the right was being waived and the consequences of waiving that right. York testified that he was cooperative and coherent, and acknowledged York's explanations of his *Miranda* rights prior to talking. As to any allegation of drug intoxication, York identified no physical signs of drug influence and the Court notes that Defendant was detained overnight in jail – without access to drugs – before he was interview mid-morning the day after his arrest. There is further nothing that would indicate any coercion by law enforcement and nothing before the Court that indicates that his statements were not voluntarily given. The Court therefore finds suppression is not warranted.

York also offered testimony about the arrest and interview of Defendant Negrette. Apparently, based on statements made by Slape's girlfriend at the time of the execution of the search warrant at Slape's home, officers obtained search warrant for Negrette's home. Negrette's home was also searched on February 9, 2012.

York testified that Negrette was spoken to briefly at the scene of the search. According to York, Defendant was very upset and belligerent, but Defendant was not arrested at that time. Although they did not form the basis of his indictment, some statements uttered by Negrette at that time may have been used in obtaining a search warrant for his phone which he volunteered that he lost when officers detained him during the search of his home.

Negrette was subsequently arrested in April 2102 after he was indicted. York testified that Defendant was given his *Miranda* warning at the DEA office by another officer with the DEA task force. York testified that he walked in immediately thereafter and confirmed with Negrette that he

4

had been given his rights him and re-administered an "abbreviated warning," reminding Defendant of his general rights before continuing the interview. Negrette acknowledged to York that he had just been read his rights and expressed any understanding of them to York. Negrette did not appear to be under the influence of any drugs and did not have slurred speech.

At that point, York commenced his interview and Negrette engaged in conversation with law enforcement. Because many of Defendant's statements appeared to be inconsistent and untruthful to York, he testified that he decided that it did not warrant continuing the interview at that time. Prior to terminating the interview, Negrette did name his source of heroin supply.

Having heard the testimony presented, the Court finds that Negrette knowingly and voluntarily waived his *Miranda* rights during his post-arrest interview with law enforcement. Negrette was, according to the unrebutted testimony, read his rights once by one officer and again had them reiterated to him by York.

No evidence presented supports Defendant Negrette's contention that government agents obtained statements from Defendant "by threatening to take the Defendant's 4 year old son away permanently from him, his moth (Ms. Gamboa), and grandfather (Mr. Negrete (sic), Sr.)," Dkt. 57 at 2, and neither Gamboa nor Negrette Sr. were presented to testify. Therefore, this allegation is not a grounds for suppression.

The Court finds that each Defendant made a knowing and voluntary waiver of his *Miranda* rights and was not coerced or threatened by law enforcement officers to do so. The Government has satisfied its burden of showing that Defendant Slape and Defendant Negrette knowingly and voluntarily waived their rights prior to making the oral statements they seek to suppress. Therefore, there is no basis for suppression.

## RECOMMENDATION

The Court recommends that the District Court **DENY** Defendant Michael Negrette's Motion to Suppress Written and Oral Statements (Dkt. 57) and Defendant Cory Slape's Motion to Suppress (Dkt. 62).

Based on the agreement stated on the record at the hearing that the parties agree to shorten the objection period in this case given the current trial date, within 48 hours after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 6th day of May, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE